**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) MILDRED WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:20-cv-00019-GKF-FHM |
| | ) | |
| v. | ) | (*Removed from District Court* |
| | ) | *of Tulsa County* |
| 2) AMERICAN AIRLINES, INC., | ) | *Case No. CJ-19-4959*) |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant American Airlines, Inc. ("Defendant") hereby removes the above-entitled action from the District Court of Tulsa County, State of Oklahoma to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and more specifically the following:

**I.  STATEMENT OF JURISDICTION**

1. This Court has original subject matter jurisdiction over this action based on diversity of citizenship jurisdiction because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different states (28 U.S.C. § 1332(a)) and based on federal question jurisdiction because all claims herein arise under the laws of the United States, specifically, § 1132(a) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA") (28 U.S.C. § 1331).

## II.   PROCESS, PLEADINGS, AND ORDERS

2. On December 20, 2019, Plaintiff Mildred Walker ("Plaintiff") filed a Complaint against Defendant in the District Court of Tulsa County, State of Oklahoma entitled *Mildred Walker v. American Airlines*, Case No. 2019-4959 ("Complaint"). The Complaint asserts a single state law cause of action arising from the act of an employee of Defendant ending Plaintiff's health care benefits under Defendant's ERISA-governed group health plan (the "Plan")[1] on October 10, 2013. Complaint at p. 1 ("Defendant is a corporation and at the time of this complaint an employee of American Airlines removed the plaintiff from all benefits which violated American Airlines policy."; "Defendant failed to perform the duties effectively, which lead to the injuries sustained by Plaintiff …unjustified termination of benefits.").

3. On December 26, 2019, Defendant was served with a copy of the Complaint.[2] A true and correct copy of the Complaint served on Defendant is attached hereto as Exhibit A.

4. Pursuant to 28 U.S.C. Section 1446(a), Defendant believes Exhibit A, the Complaint, constitutes all the process, pleadings, and orders filed or served in this action to date.

---

[1] Plaintiff attached proof that the Plan is governed by ERISA to the Complaint. Exhibit B to the Complaint is a Letter dated November 19, 2013 from Benefit Concepts to Plaintiff that notifies her that continued coverage under the Plan may be available pursuant to COBRA. The COBRA amendments to ERISA (29 U.S.C. §§ 1161-1169) only apply to certain Sponsors of ERISA-governed health plans. 29 U.S.C. § 1002(16), §1161. Thus, for COBRA coverage to be potentially available to Plaintiff means the Plan and Plaintiff's claims are governed by ERISA. Plaintiff claims that she was wrongfully offered COBRA coverage under her ERISA plan, which she rejected, because the alleged qualifying event (divorce) had not occurred, and her coverage under the Plan was then terminated. In other words, she claims she was entitled to coverage and benefits under the Plan because no qualifying event actually occurred.

[2] Defendant was not served with a summons. Per the state court docket, a summons was not issued. *See* Exhibit B.

A true and correct copy of the state court docket sheet in the action, printed from the Oklahoma Supreme Court Network (OSCN), is attached as Exhibit B.[3]

### III. TIMELINESS OF REMOVAL

5. This Notice of Removal is filed within thirty days of Defendant's receipt of the Complaint via service of the Complaint on Defendant's registered agent for service of process on December 26, 2019, and is therefore timely under 28 U.S.C. § 1446(b)(1).

### IV. DIVERSITY JURISDICTION

11. As set-forth below, this Court has original jurisdiction over this civil action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) between citizens of different states, and (B) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court by Defendant under 28 U.S.C. § 1441(a).

**A. The Parties Are Completely Diverse.**

**Plaintiff (Oklahoma)**

12. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (internal citation omitted). A person's domicile is established by physical presence and an intent to remain indefinitely. *Id.* Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941 ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

---

[3] As recognized on the state court docket sheet, CT Corporation Systems, Inc. is the registered agent for American Airlines. It had no involvement in this case and is not a party in interest

3

13. Plaintiff, who is self-represented, affirmatively states that she is a resident of Tulsa, Oklahoma. Exhibit A, Complaint at ¶ 1. Plaintiff also affirmatively represents that her current address is 427 South 104th East Avenue Tulsa, Oklahoma 74128 in the caption of the Complaint. *Id.* at p. 1. Additionally, Plaintiff attached a number of documents to the Complaint—Letter from Benefit Concepts to Plaintiff dated November 19, 2013, Separation Agreement dated April 4, 2019, Motion to Compel filed by Plaintiff in another action dated July 7, 2019, Letter from American Airlines to Plaintiff dated October 2, 2019—that provide the same Tulsa, Oklahoma Address for Plaintiff as far back as November 2013. Exhibits B, F, J, L to the Complaint. Accordingly, Plaintiff is a citizen of Oklahoma.

14. In light of the foregoing, upon information and belief, at the commencement of this action through and including the present, Plaintiff is and has been a resident of the State of Oklahoma. Plaintiff is not and has not been a resident of the State of Delaware or the State of Texas. Plaintiff is therefore considered a citizen of the State of Oklahoma, and not the States of Delaware or Texas or any other State, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, and the federal removal statutes.

**Defendant (Delaware and Texas)**

15. A corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business refers to "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically the corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

16. At the commencement of this action through and including the present, Defendant was, and still is, incorporated in Delaware with its principal place of business in Texas. Exhibit

C, Declaration of Caroline Ray ("Ray Decl."), at ¶¶ 2-3. Its headquarters is located at 1 Skyview Drive, Fort Worth, Texas 76155. *Id.* at ¶ 3. Defendant's "nerve center" is located in Texas because most of its corporate officers and principal executives work from the Fort Worth, Texas headquarters. *Id.* Most of the corporate-wide decisions relating to its operations are made from the Fort Worth, Texas headquarters. *Id.* Accordingly, Defendant is a citizen of Delaware and Texas.

17. Defendant has not been incorporated under the laws of the State of Oklahoma, does not have headquarters or principal place of business in the State of Oklahoma. Defendant is therefore considered a citizen of the States of Delaware and Texas, and not Oklahoma, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1), and the federal removal statutes.

### B. The Amount in Controversy Exceeds $75,000.

18. Defendant only needs to establish by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). To sufficiently carry this burden, Defendant only needs to show that $75,000, exclusive of interest and costs, "is in play." *Herndon v. American Commerce Ins. Co.*, 651 F.Supp.2d 1266, 1268–69 (N.D. Okla. 2009) (internal brackets, citation, and quotation marks omitted).

19. As required by the Oklahoma Pleading Code, the Complaint expressly alleges the amount of the judgment Plaintiff seeks in this civil action. 12 Okla. Stat. 2008(A)(2). Plaintiff alleges she seeks compensatory damages totaling $100,000. Complaint at p. 1 ("WHEREFORE, Plaintiff seeks compensatory damages in the amount of $100,000.00"). Thus, although Defendant denies that Plaintiff has been damaged in any way as a result of its actions, a

preponderance of the evidence demonstrates that the amount in controversy in this case exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs.

## V. FEDERAL QUESTION/ERISA JURISDICTION

20. This Court has original jurisdiction over this action under the federal question provision contained in 28 U.S.C. § 1331 because Plaintiff's sole claim against Defendant arises from a federal statute, specifically, ERISA. This Court has exclusive jurisdiction over this action under ERISA. 29 U.S.C. § 1132(e)(1). Thus, this action may be removed to this Court by Defendant under 28 U.S.C. § 1441(a).

21. American Airlines established and maintains an employee welfare benefit plan for the purpose of providing medical and health care benefits to its eligible employees and their eligible dependents. As the spouse of employee Veo Walker, Plaintiff became a participant in the Plan. Her coverage and benefits under the Plan were subsequently terminated, apparently because Mr. Walker claimed that he and Plaintiff had divorced and he elected Employee Only coverage.

22. Plaintiff alleges that Defendant improperly ended her health care benefits provided under its ERISA-governed Plan. Complaint at p. 1 ("Defendant is a corporation and at the time of this complaint an employee of American Airlines removed the plaintiff from all benefits which violated American Airlines policy."; "Defendant failed to perform the duties effectively, which lead to the injuries sustained by Plaintiff …unjustified termination of benefits.").

23. Based on the facts alleged in the Complaint, it is clear Plaintiff's sole claim against Defendant is based upon and governed by ERISA.

24. A claim regarding the termination of benefits, or for the wrongful denial of coverage, provided under an ERISA-governed plan is an ERISA claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought by a participant or beneficiary … to recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan …."). This is true regardless of how the claim is artfully pled. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987).

25. Moreover, because the Plan is governed by ERISA, Plaintiff's claim directly involves administration of an ERISA-governed plan; Plaintiff's state law claim is therefore preempted by ERISA and converted into a claim under ERISA. 29 U.S.C. §1144(a); *see also Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 57 (1987); *Taylor*, 481 U.S. at, 62-63.

## VI. VENUE IS PROPER IN THIS COURT

26. Venue lies in the Northern District of Oklahoma pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a), and 29 U.S.C. §1132(e)(2). Plaintiff originally brought this action in the District Court of Tulsa County, Oklahoma.

## VII. NOTICE TO STATE COURT AND PLAINTIFF

27. Concurrently with the filing of this Notice of Removal in this Court, written notice of such filing will be provided to Plaintiff, in propria persona, at the address listed in the caption to the Complaint.

28. A copy of the Notice of Removal will also be filed with the Clerk of the District Court of Tulsa County, Oklahoma.

*/s/ Anna E. Imose*
Brandon P. Long, OBA #20268
Mark D. Spencer, OBA #12493
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Phone:        (405) 235-9621
Fax:    (405) 235-0439
brandon.long@mcafeetaft.com
mark.spencer@mcafeetaft.com

**-and-**

Anna Imose, OBA #32021
McAfee & Taft A Professional Corporation
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa OK  74103
Telephone:  (918) 587-0000
Facsimile:  (918) 599-9317
Email:         anna.imose@mcafeetaft.com

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2020, a copy of the foregoing was mailed, via first class mail to the following:

Mildred Walker
427 South 104th East Avenue
Tulsa, Oklahoma 74128

/s/ Anna E. Imose

I further certify that a copy of this Notice of Removal will be hand-delivered on this same date (or as soon as a federal case number is received) for filing with the Clerk of the District Court of Tulsa County, State of Oklahoma.

/s/ Anna E. Imose