**CT Corporation**

**Service of Process Transmittal**
12/26/2019
CT Log Number 536882045

TO: JAMIE LAGUS
AMERICAN AIRLINES GROUP INC.
1 SKYVIEW DRIVE, MD 8B503
FORT WORTH, TX 76155-2664

RE: **Process Served in Texas**

FOR: American Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mildred Walker, Pltf. vs. American Airlines, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Complaint, Attachment(s), Exhibit(s) |
| **COURT/AGENCY:** | DISTRICT COURT OF TULSA COUNTY STATE OF OKLAHOMA, OK Case # FD20180831 |
| **NATURE OF ACTION:** | Defendant failed to perform the duties effectively as Unjustified termination of benefits and Negligent in obtaining proper documentation of legal divorce or separation. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/26/2019 postmarked on 12/20/2019 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Mildred Walker 427 S. 104th E. Ave. Tulsa, Ok 74128 918-841-9471 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/27/2019, Expected Purge Date: 01/01/2020 |
| | Image SOP |
| | Email Notification,  JAMIE LAGUS  jamie.lagus@aa.com |
| | Email Notification,  LESTER GIPSON  lester.gipson@aa.com |
| | Email Notification,  DEDE HASSELL  dede.hassell@aa.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street Suite 900 Dallas, TX 75201 |
| **For Questions:** | 866-665-5799 SouthTeam2@wolterskluwer.com |

Page 1 of  1 / SH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**



Mildred Walker
427 S 104th East Ave
Tulsa, OK 74128

7019 0140 0001




75201

U.S. POSTAGE PAID
FCM LG ENV
TULSA, OK
74106
DEC 20, 19
AMOUNT
**$5.85**
R2305H129674-14





ATTENTION:
American Airlines
CT Coroporation Syste
1999 Bryan Street
Suite: 900
Dallas, Texas
75201-3136

EXHIBIT A

Mildred Walker

427 S. 104th E. Ave.

Tulsa, Oklahoma 74128

918-841-9471

Mildredthomas1955@gmail.com

DISTRICT COURT
**FILED**

DEC 2 0 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### DISTRICT COURT OF TULSA COUNTY STATE OF OKLAHOMA

) Case No:

)              COMPLAINT

)

)

Mildred Walker,

        Plaintiff,

    Vs.

American Airlines

CT Corporation Systems

1999 Bryan Street Suite: 900

Dallas Texas, 75201-3136

        Defendant

EXHIBIT A

1.    Plaintiff is an individual and resident of Tulsa, Oklahoma.

2.    Defendant is a corporation and at the time of this complaint an employee,
of American Airlines removed the plaintiff from all benefits which violated
American Airlines policy

3.    On or about October 13th, plaintiff received a letter from American Airlines
stating that Mildred Walker was removed from her benefits because she was
recently divorced from her husband Veo Walker III

Plaintiff Mildred Walker brings forth the following counts and allegations
supporting her cause of action:

## COUNT 1- NEGLIGENCE

Defendant failed to perform the duties effectively, which lead to the injuries
sustained by Plaintiff.

- Unjustified termination of benefits
- Negligent in obtaining proper documentation of legal divorce or
separation.
- Failure to investigate letter of contest.
- Failure to substantiate documentation submitted for benefit change.
- Violation of American Airlines Policy

## DAMAGES

WHEREFORE, Plaintiff seeks compensatory damages  in the amount
of _100,000.00_ .

Dated _12/20/19_

Mildred Walker

_Mildred Walker_

EXHIBIT A

## Evidence

Exhibit (A)    Lease agreement with Mildred Walker and Sugar Berry Apartments.

Please note date signed 10/11/13.

This will show his intentions.

Exhibit (B)    Letter from American Airlines Benefit Concepts,

Veo Walker III had her removed from all

Benefits because they were divorced.

Exhibit ( C)    Fax cover sheet from Community Action Agency

Shows time, and date, and year Plantiff responded statue of limitations should not apply.

Exhibit (D)   Letter written from Mildred Walker contesting

Exhibit (E) Petition for  Dissolution for Marriage filed April 2, 2018.

Exhibit (F)   Separation agreement filed April 4, 2019.

EXHIBIT A

Exhibit (N) A recorded conversation from Ms. Dee Dee Hasell

        Stating that she received suponea from Mr. Stamps

        And she searched and there was no more
information concerning this situation, but he probably did
  something online.

Exhibit (0)  All my financials, receipts, IRA paperwork and
medical bills are in the hands of Jim Stamper, this is a part of
my evidence.

If you have any questions you can check with OSCN case no#

FD-2018-0831

EXHIBIT A

Exhibit (G)  Mediation agreement ordered by court to try to resolve situation. Mr. Walker refused giving Mrs. Walker back benefits.

Exhibit ( H)   Discovery Documentation ordered by court to show the life event that removed his wife from all benefits.

Exhibit ( I)  Discovery information for Mrs. Walker not acceptable.

Exhibit ( J)   Motion for Compel was filed by Plaintiff

Exhibit ( K)   A suponea to Benefits Concepts was served to get the Life Event that removed Mrs. Walker from Her Benefits

Exhibit (L)   1. Copy of his insurance information was sent

2. American Airlines policy that states without

divorced and legally separation does apply.

*Exhibit (M) suponea to Benefit Concepts was served to American Airlines to get the life event and all documentation*

That would resulted in Mrs. Walker being removed by divorce.

EXHIBIT A

Mildred Walker acknowledges that I received a request for Discovery from James Stamper on 12/5/2019.

I took all documentation to Attorney Stamps office on 12/10.19.

EXHIBIT A

Exhibit (A)

NAA
NATIONAL
APARTMENT
ASSOCIATION.

# Apartment Lease Contract

Date of Lease Contract: __October 11, 2013__
(when the Lease Contract is filled out)

*This is a binding contract. Read carefully before signing.*

## Moving In — General Information

**1. PARTIES.** This Lease Contract is between *you*, the resident(s) *(list all people signing the Lease Contract):*

__Mildred Thomas__

_____

_____ and *us*, the owner:

__Sugarberry Apartments__

_____

*(name of apartment community or title holder).* You've agreed to rent Apartment No. __0314__ , at __10914 East 61st Street__ (street address) in __Tulsa__ (city), Oklahoma, __74133__ (zip code) for use as a private residence only. The terms "you" and "your" refer to all residents listed above. The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successors' in interest or assigns). Written notice to or from our managers constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor is attached.

**2. OCCUPANTS.** The apartment will be occupied only by you and *(list all other occupants not signing the Lease Contract):*

Kysha Alexander (Alexander)
Marquis Thomas

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than __7__ consecutive days without our prior written consent, and no more than twice that many days in any one month. If the previous space isn't filled in, two days per month is the limit.

**3. LEASE TERM.** The initial term of the Lease Contract begins on the __11th__ day of __October__ , __2013__ , and ends at midnight the __10th__ day of __October__ , __2014__ . This Lease Contract will automatically renew month-to-month unless either party gives at least __30__ days written notice of termination or intent to move-out as required by paragraph 37. If the number of days isn't filled in, at least 30 days notice is required.

**4. SECURITY DEPOSIT.** Unless modified by addenda, the total security deposit at the time of execution of this Lease Contract for all residents in the apartment is $ __50.00__ , due on or before the date this Lease Contract is signed.

**5. KEYS AND FURNITURE.** You will be provided __2__ apartment key(s), __2__ mailbox key(s), and _____ other access devices for _____ . Your apartment will be *[check one]:* ☐ furnished or ☒ unfurnished.

**6. RENT AND CHARGES.** Unless modified by addenda, you will pay $ __589.00__ per month for rent, payable in advance and without demand:

☒ at the on-site manager's office, or
☒ at our onsite payment site, or
☐ at _____

Prorated rent of $ __399.00__ is due for the remainder of *(check one):*
☒ 1st month or ☐ 2nd month, on __November 1__ , __2013__ .

Otherwise, you must pay your rent on or before the 1st day of each month (due date) with no grace period. Cash is unacceptable without our prior written permission. No checks will be accepted after the __3rd__ day of the month. You must not withhold or offset rent unless authorized by statute. We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. Resident agrees to pay the sum of $ __40.00__ on the

__4th__ of the month if the rent remains unpaid on said date. Resident also agrees to pay a charge of $ __30.00__ for each returned check or rejected electronic payment and including all late fees for any returned checks. If you don't pay rent on time, you'll be delinquent and all remedies under this Lease Contract will be authorized.

**7. UTILITIES.** We'll pay for the following items, if checked:
☐ water ☐ gas ☐ electricity ☐ master antenna
☐ wastewater ☐ trash ☐ cable TV ☐ other _____

You'll pay for all other utilities, related deposits, and any charges, fees, or services on such utilities. You must not allow utilities to be disconnected for any reason—including disconnection for not paying your bills—until the lease term or renewal period ends. Cable channels that are provided may be changed during the Lease Contract term if the change applies to all residents. Utilities may only be used for normal household purposes and must not be wasted. If your electricity is ever interrupted, you must use only battery-powered lighting. If your utility charges are determined by an individual utility meter or an alternative formula, we will attach an addendum to this Lease Contract in compliance with state agency rules or city ordinance.

**8. INSURANCE.** We do not maintain insurance to cover your personal property or personal injury. We are not responsible to any resident, guest, or occupant for damage or loss of personal property or personal injury from (including but not limited to) fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, earthquake, interruption of utilities, theft, hurricane, negligence of other residents, occupants, or invited/uninvited guests or vandalism unless otherwise required by law.

We urge you to get your own insurance for losses to your personal property or injuries due to theft, fire, water damage, pipe leaks and the like.

Additionally, you are *[check one]* ☐ required to purchase personal liability insurance ☒ not required to purchase personal liability insurance. If no box is checked, personal liability insurance is not required. If required, failure to maintain personal liability insurance is an incurable breach of this Lease Contract and may result in the termination of tenancy and eviction and/or any other remedies as provided by this Lease Contract or state law.

**9. SECURITY DEVICES.** Keyed lock(s) will be rekeyed after the prior resident moves out. The rekeying will be done either before you move in or, if the apartment has a keyless deadbolt on each exterior door, within 10 days after you move in.

You may at any time request us to: (1) install one keyed deadbolt lock on an exterior door if it does not have one; (2) install a bar and/or sliding door pinlock on each sliding glass door; (3) install one keyless deadbolt on each exterior door; (4) install one doorviewer on each exterior door; and (5) change or rekey locks or latches during the lease term. We must comply with these requests, but you must pay for them.

**What You Are Now Requesting.** You now request the following to be installed at your expense (if one is not already installed), subject to any statutory restrictions on what you may request:

☒ keyed deadbolt lock ☐ doorviewer
☒ keyless deadbolt ☐ sliding door pinlock
☐ sliding door bar

*• Payment for Rekeying, Repairs, Etc.* You must pay for all repairs or replacements arising from misuse or damage to devices by you or your family, occupants, or guests during your occupancy. You may be required to pay in advance if we notify you within a reasonable time after your request that you are more than 30 days delinquent in reimbursing us for repairing or replacing a device which was misused or damaged by you, your guest, or an occupant; or if you have requested that we repair, install, change or rekey the same device during the 30 days preceding your request and we have complied with your request. All charges incurred under this paragraph are regarded as additional rent.

## Special Provisions and What If Clauses

**10. SPECIAL PROVISIONS.** The following special provisions and any addenda or written rules furnished to you at or before signing will become a part of this Lease Contract. These "Special Provisions" will override any sections of this lease in conflict with the Special Provisions.

__See special provisions on the last page__

_____
_____
_____
_____
_____

See any additional special provisions.

**11. EARLY MOVE-OUT.** Unless modified by an addendum, if you:

(1) move out without paying rent in full for the entire lease term or renewal period; or
(2) move out at our demand because of your default; or
(3) are judicially evicted.

You will be liable for all rent owed at the time and as it becomes due under the terms of your lease agreement until the apartment is re-rented AND you agree to be liable for repayment, of any rent concession that was given to you.

Mildred Thomas

© 2012, National Apartment Association, Inc. - 5/2012, Oklahoma

10102013013501OK10092073

EXHIBIT A

We are not liable for any losses or damages you incur as a result of outages, interruptions, or fluctuations in utility services provided to the dwelling unless such loss or damage was the direct result of negligence by us or our employees. You release us from any and all such claims and waive any claims for offset or reduction of rent or diminished rental value of the dwelling due to such outages, interruptions, or fluctuations.

7. You agree not to tamper with, adjust, or disconnect any utility sub-metering system or device. Violation of this provision is a material breach of your Lease and may subject you to eviction or other remedies available to us under your Lease and this Utility Addendum.

8. Where lawful, all utilities, charges and fees of any kind under this lease shall be considered additional rent, and if partial payments are accepted by the Owner, they will be allocated first to non-rent charges and to rent last.

9. The following special provisions and any addenda or written rules furnished to you at or before signing will become a part of this Utility Addendum and will supersede any conflicting provisions of this printed Utility Addendum and/or the Lease Contract.

**There will be an administration fee of 10% of total bill.**

Resident Signature _X Mildred Thomas_    Date _10/11/13_

Resident Signature _____    Date _____

Resident Signature _____    Date _____

Resident Signature _____    Date _____

Management _Sacha Dickson_    Date _10/11/13_

Mildred Thomas

                    © 2013, National Apartment Association, Inc. - 3/2013, Oklahoma

EXHIBIT A

Exhibit (B)

# BENEFIT
# CONCEPTS
a division of WageWorks

November 19, 2013

MILDRED WALKER
427 S 104TH EAST AVE
TULSA, OK  74128-1202

**Re: COBRA through American Airlines - Election Notice**

Dear MS. WALKER and family:

You are eligible to elect continuation of your health care benefits under COBRA
in the American Airlines group health plan (the Plan). Those benefits ended on
October 10, 2013 as a result of your divorce from a covered employee and may
be continued through October 10, 2016.

**What is COBRA?**
The Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) requires certain
employers who sponsor group health plans to offer employees and their families the
opportunity to continue health coverage as a result of a "qualifying event." A
qualifying event is a specific event, such as a reduction in hours or termination
of employment, that causes active group health plan coverage to end. Coverage is
extended to certain individuals that are covered on the day before the qualifying
event (qualified beneficiaries). Qualified beneficiaries are employees, former
employees, spouses, former spouses, dependent child(ren) and a child who is losing
coverage under the Plan because he or she is no longer eligible under the Plan.
A child born to or placed for adoption with the covered employee after COBRA begins
is also a qualified beneficiary. Each qualified beneficiary can elect independently
to continue coverage even if the covered employee chooses not to continue coverage.
Continuation coverage is the same coverage that you had on the day before your
qualifying event.

**How do I enroll in COBRA?**
In order to be reinstated, the following two things must occur:

1.  You must make your election on the enclosed election form, and return it by
    mail to: Benefit Concepts, P.O. Box 246, Barrington, RI 02806. It must be
    post-marked no later than January 18, 2014. If you wish you may fax it to
    (866) 629-6390, Attention COBRA Department. A covered employee or a qualified
    beneficiary who is the spouse (or was the spouse) of a covered employee on the
    day before the qualifying event occurred may elect coverage on behalf of all
    other qualified beneficiaries. A parent or legal guardian may elect coverage
    on behalf of a minor child. **If you do not postmark your election by the due
    date shown above, you will lose your right to elect COBRA continuation coverage.**

- over -

EXHIBIT A

2.  Once you make your COBRA election, Benefit Concepts will generate and
    mail payment coupons to you. **You must remit your initial payment within
    45 days from the date you send us your election form to be reinstated
    with the insurance carrier. Once we receive your initial payment, you
    are reinstated retroactive to October 10, 2013.** Note that several coupons
    may make up the initial payment. Check due dates and payment amounts
    carefully. We recommend that you remit your payments prior to the due
    dates shown on the coupons to ensure that your coverage continues without
    interruption.

## What if I need to receive medical services before I make my initial payment?

If you need to see a doctor or to pick up a prescription before you make your
initial payment, you will need to pay in full for these services. Once you make
your initial payment and your coverage is reinstated, you can submit your claim
for reimbursement to your insurance carrier. As long as your claim is incurred
during your COBRA period of coverage, and you have been reinstated, your insurance
carrier will reimburse you according to plan specifications.

## What happens if I don't elect COBRA?

Failure to elect COBRA and continue your health coverage will affect your future
rights under federal law. First, you can lose the right to avoid having pre-
existing condition exclusions applied to you by other group health plans if you
have more than a 63-day gap in health coverage. Election of continuation coverage
may help you not to have that gap. Second, you will lose the guaranteed right to
purchase individual health insurance policies that do not impose such pre-existing
condition exclusions if you do not get continuation coverage for the maximum time
available to you. Finally, you have special enrollment rights under federal law.
You have the right to request special enrollment in another group health plan for
which you are otherwise eligible (such as a plan sponsored by your spouse's
employer) within 30 days after your group health coverage ends because of the
qualifying event listed above. You will also have the same special enrollment
right at the end of continuation coverage if you get continuation coverage for the
maximum time available to you.

## When will COBRA coverage End?

COBRA will end on the earliest of the following:

1.  On October 10, 2016, which is when the COBRA coverage period expires;
2.  On the date the Company ceases to provide health care coverage to any employee;
3.  On the date a qualified beneficiary becomes covered under any other group
    health plan **after** the date of your COBRA election; however, if the new
    group plan contains any limitations of coverage for pre-existing conditions,
    then the qualified beneficiary may continue COBRA coverage until either the
    pre-existing condition limitation terminates or rights to continued COBRA
    coverage terminate;
4.  A qualified beneficiary fails to make a timely payment as described in this
    notice;
5.  On the date a qualified beneficiary becomes covered under Medicare (Part A,
    Part B, or both), **after** the date of the COBRA election.

Continuation coverage may also be terminated for any reason the Plan would terminate
coverage of a participant or beneficiary not receiving continuation coverage (such
as fraud).

## How much does COBRA coverage cost?

Generally, each qualified beneficiary may be required to pay the entire premium for
continuation coverage. The amount that a qualified beneficiary can be charged may

- next page -

EXHIBIT A

Exhibit (C)

## HP LaserJet 400 colorMFP M475dn

# Fax Confirmation

CAP
9184395708
Jan-16-2014  9:42AM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 1541 | 1/16/2014 | 9:41:59AM | Send | 18666296390 | 0:51 | 2 | OK |

# FAX

To: Cobra Administration          From: Mildred Walker

Fax: P.O. Box 246          Pages: 1

Phone:          Date: 1-16-2014

Re:          CC: Cobra benefits for Mildred Walker spouse

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

Comments:

(Pick the date)

EXHIBIT A

Exhibit (D)

I am writing this letter in regards to the extended benefit for

qualifying spouse through Benefits Concepts. I am not divorced
nor am I legally separated the date stated on the form you sent
to me October 10, 2013 said employer removed me for those
reasons. No documentation was presented to HR department
at American Airlines. I do not accept this benefit

nor do I refuse it, I do not qualify for it.

Mildred Walker 04811

American Airlines – 002098-7

EXHIBIT A

*Exhibit (E.)*

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
### STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

APR 0 2 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

IN RE: THE MARRIAGE OF:    )
       )
VEO WALKER, JR.,    )
       )
    Petitioner,    )
       )    CASE NO.  FD-2018- **2018  0831**
and,    )
       )    **FD Docket A**
MILDRED WALKER,    )
       )
    Respondent.    )

### PETITION FOR DISSOLUTION OF MARRIAGE

**COMES NOW**, the Petitioner, Veo Walker, Jr., by and through his attorney of record, James W. Stamper, and for his cause of action with the Respondent, Mildred Walker, states as follows:

#### I. JURISDICTION

1.    The parties are now and have been for more than thirty days, next preceding this Petition for Dissolution of Marriage, residents of Tulsa County, and have been for more than six months, next preceding the filing of this Petition, residents of the State of Oklahoma.

2.    That there are no minor children involved in this action.

#### II. RECITALS

1.    The parties hereto were legally married on or about the 19th day of December, 2004, in the County of Tulsa, State of Oklahoma (ML-2004-3530), and are at present husband and wife.

2.    Petitioner and Respondent have been separated for over five (5) years.

**Page 1**

EXHIBIT A

### III. ISSUE

1.　To the best of Petitioner's knowledge and belief, the Respondent is not pregnant at the time of filing of this *Petition for Dissolution of Marriage*.

### IV. GROUNDS OF ACTION

1.　As grounds for Dissolution of Marriage, the Petitioner alleges that a state of complete and irreconcilable incompatibility has arisen between the parties hereto which has completely destroyed the legitimate aim of the marriage of the parties, and renders its continuation impossible, by reason of which the Petitioner is entitled to a Decree of Dissolution of Marriage from the Respondent.

### V. PROPERTY & DEBTS

1.　That Petitioner and Respondent are jointly possessed and seized of the following described real property, to wit:

> Lot One (1), Block Sixteen (16), AMENDED ROSEWOOD ADDITION, BLOCKS Eleven (11) THRU Twenty-two (22), City of Tulsa, Tulsa County, State of Oklahoma, according to the Recorded Plat No. 2322. A.K.A. 427 S. 104th E. Ave., Tulsa, OK 74128

2.　The parties have accumulated certain personal property and debts during their marriage, and it is the Petitioner's belief that an equitable division of the debts and property of the parties herein may be reached without the assistance of the Court, however; should such negotiations fail, the Petitioner asks the Court to make such equitable divisions as it deems proper.

EXHIBIT A

**WHEREFORE**, premises considered, Petitioner prays that upon hearing this cause, the Court award to the Petitioner and Respondent as follows:

a. Decree of Dissolution of Marriage;

b. an equitable distribution of the property and debts of the parties;

c. enter such other orders and grant such other relief as Petitioner may be by law entitled.

Respectfully submitted

James W. Stamper, Attorney at Law
406 S. Boulder, #400
Tulsa, Oklahoma 74103
(918) 587-3700 Telephone
(918) 585-1556 Facsimile
Attorney for Petitioner

Page 3

EXHIBIT A

## VERIFICATION

STATE OF OKLAHOMA     )
                                ) ss.
COUNTY OF TULSA         )

Veo Walker, Jr., being of lawful age, being first duly sworn, states that he is the Petitioner above named; that he has read the within and foregoing Petition; and that the matters and things herein stated are true and correct.

_____
Veo Walker, Jr.

Subscribed and sworn to before me this 29th day of March, 2018.

_____
Notary Public

My Commission Expires:

Notary Public
State of Oklahoma
JAMES W. STAMPER
TULSA COUNTY
COMMISSION #16003406
Comm. Exp. 03-30-2020

**Page 4**

EXHIBIT A

Exhibit (F)

# SEPARATION AGREEMENT

**THIS SEPARATION AGREEMENT** (the "Agreement") dated this _4th_ of _April_ , _2019_

DISTRICT COURT
**F I L E D**

APR 0 4 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**BETWEEN:**

FD-18-831

Veo Walker Jr of 1243 North Boston Place, Tulsa, Oklahoma, 74106

OF THE FIRST PART

**AND**

Mildred Thomas of 427 South ~~137~~ east ave, Tulsa, Oklahoma, ~~74134~~ 74128
104

OF THE SECOND PART

## BACKGROUND:

1. Veo Walker Jr and Mildred Thomas (collectively the "Parties" and individually a "Party") were lawfully married on December 19th, 2004, in Tulsa, Oklahoma. Due to certain differences that have developed between the Parties, they agree to live separate and apart from each other, subject to the terms and conditions in this Agreement.

2. The Parties have made complete, fair and accurate disclosure to each other on all financial matters reflected in this Agreement.

3. The terms of this Agreement are intended to settle the matters addressed, but it will not be incorporated into a final decree of divorce. The Parties agree that a subsequent separation agreement will have to be made and duly incorporated into a final decree of divorce.

4. The Parties have each voluntarily entered into this Agreement and have not been forced by anyone to sign this Agreement, and both the Parties confirm that they are in sound mental health.

**IN CONSIDERATION OF** the mutual promises and covenants contained in this Agreement, and other valuable consideration, the receipt and sufficiency of which consideration is acknowledged, the Parties agree as follows:

## LIVING SEPARATE AND APART

1. The Parties have lived separate and apart since ~~March 23, 2019.~~ on or abot Oct 10 2013 VW. Neither Party will attend the other's living space or work without invitation or approval.

## CHILDREN

2. There are no children of the marriage. Furthermore, the Wife is not now pregnant and the Parties have not adopted any children.

EXHIBIT A

## SPOUSAL MAINTENANCE

**3.** Neither Party claims entitlement to spousal maintenance. Both Parties expressly waive any claim to spousal maintenance now and in the future, regardless of any change in circumstances experienced by either Party.

## MARITAL HOME

**4.** The marital home is located at: 427 south 137 east ave (the "Marital Home") and is owned by the Parties.

**5.** Veo Walker Jr will transfer his interest in the Marital Home to Mildred Thomas.

**6.** Veo Walker Jr waives and releases all rights of dower, curtesy, homestead, equitable distribution, and all other rights, title and interests, if any, in and to the Marital Home.

**7.** Veo Walker Jr has executed or will execute a quitclaim deed conveying his interest in the Marital Home and hereafter Mildred Thomas will be solely responsible to pay all encumbrances registered against the Marital Home. Mildred Thomas will get the house REFINANCE in her own name name only in 6months— 1year.

**8.** Mildred Thomas will indemnify and hold Veo Walker Jr harmless from and against all obligations, and expenses, including reasonable attorney's fees, arising out of or relating to the Marital Home.

## ASSETS

**9.** The Parties acknowledge that they have agreed upon a division of all assets, owned or possessed by them as marital property or separate property. The Parties are in possession of all of those assets to which each is respectively entitled. Accordingly, neither makes any claim to any assets in the possession of the other.

## DEBTS

**10.** The Parties agree that any indebtedness secured against, or attributable to, any item of property that either Party is receiving under this Agreement will be the sole responsibility of the Party receiving the particular property.

**11.** Neither Party will incur any further debt or liability on the other Party's credit. Any debt accumulated as of the date of this Agreement is the debt of the individual Party, regardless if the debt was incurred as a result of joint credit.

## GENERAL PROVISIONS

**12.** The Parties will promptly sign and give to the other all documents necessary to give effect to the terms of this Agreement.

**13.** This Agreement contains the entire agreement between the Parties about their relationship with each other. It replaces any earlier written or oral agreement between the Parties.

**14.** Should any portion of this Agreement be held by a court of law to be invalid, unenforceable, or void, such holding will not have the effect of invalidating or voiding the remainder of this Agreement, and the Parties agree that the portion so held to be invalid, unenforceable, or void, will be deemed amended, reduced in scope, or otherwise stricken only to the extent required for purposes of validity and enforcement in the

EXHIBIT A

jurisdiction of such holding.

15. The Parties may only amend this Agreement in writing after both Parties have obtained legal advice on the changes.

16. In the event that a dispute arises regarding this Agreement, the Parties will try to resolve the matter through negotiation or mediation, prior to initiating a court action.

17. Notwithstanding that the Parties acknowledge and agree that their circumstances at the execution of this Agreement may change for any reason, including but without limiting the generality of the foregoing, the passage of years, it is nonetheless their intention to be bound strictly by the terms of this Agreement at all times.

18. This Agreement creates a fiduciary relationship between the Parties in which each Party agrees to act with the utmost of good faith and fair dealing toward the other in all aspects of this Agreement.

19. The Parties agree to provide and execute such further documentation as may be reasonably required to give full force and effect to each terms of this Agreement.

20. The headings of this Agreement form no part of it, and will be deemed to have been inserted for convenience only.

21. This Agreement will be binding upon and will enure to the benefit of the Parties, their respective heirs, executors, administrators, and assigns.

22. If the Parties reconcile, the terms of this Agreement will remain in effect unless the Parties revoke it in writing.

23. This Agreement may only be terminated or amended by the Parties in writing signed by both of them.

24. The law of the State of Oklahoma will govern the interpretation of this Agreement, and the status, ownership, and division of property between the Parties wherever either or both of them may from time to time reside.

WITNESS OUR HANDS, this __4__ day of __April__ , __2019__

Veo Walker Jr

Mildred Thomas

EXHIBIT A

# ACKNOWLEDGMENT

The State of Oklahoma                    )

                                         )

County of ___Tulsa___                    )

This instrument was acknowledged before me on ___*April 4, 2019*___ by Veo Walker Jr.

```
        Notary Public
     State of Oklahoma        Jennifer L. Smith
      JENNIFER L. SMITH
        TULSA COUNTY          NOTARY PUBLIC
    COMMISSION #17001854
     Comm. Exp. 02-23-2021    Print Name:_____
```

My Commission Expires:

_____

EXHIBIT A

# F 8 -18 - 831

Veo Walker Jr.
( Petitioner)

DISTRICT COURT
FILED
MAR 1 8 2019
DON NEWBERRY, Court
STATE OF OKLA TULSA CO.

Mildred Walker
(Respondent)

Initial Discovery Documentation

I Mildred Walker on this 18th day
March 2019.

Requesting:

(1.) Documentation presented to resolve
Medical and all Benefits of Mildred Walker
by a divorce degree in October 10, 2013

(2.) American Airlines policy that states
if spouse (he or she) does not have
insurance coverage they can be taken
of without being divorced or legally
separated

EXHIBIT A

**CITY OF TULSA**
**TULSA COUNTY, STATE OF OKLAHOMA**

Exhibit (G)

### EARLY SETTLEMENT MEDIATION

_Veo Walker_,
Initiating Party,

vs · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · Case No. _FD 2018-031_

_Mildred Walker_
Responding Party.

### MEDIATION AGREEMENT

**WHEREAS**,  We, the undersigned, as disputing parties, certify that this agreement shall constitute a mutually acceptable solution and shall abide by the following terms and conditions; now therefore, be it

**AGREED**, That the undersigned's obligations are as follows:

_They agree that Veo shall ~~will~~ attempt to remove his name from the mortgage for the residence at 777 S. 104th E Ave, Tulsa OK 77128. Mildred agrees assume all responsibility for the debt. Veo shall attempt to accomplish this in not more than 12 months from May 1, 2019._

_There is no agreement for spousal support or continued health insurance. The parties have been living separately since ~~2013~~ 2010._

_____ ; and be it further

**AGREED**, That the undersigned have read and understand this Agreement and hereby agree to abide by its terms.

INITIATING PARTY _____          RESPONDING PARTY _____

DATE _____          DATE _____

ATTEST:_____          **EXHIBIT A**
MEDIATOR

SUBPOENA—DUCES TECUM   Exhibit (H)

STATE OF OKLAHOMA,  }
COUNTY OF TULSA,     } ss                    IN THE DISTRICT COURT

_____  )
Veo Walker Jr                    )
_____Plaintiff_____,    )          No. FD-18-831
        vs.                      )
_____  )
Mildred Walker                   )
_____Defendant_____    )

THE STATE OF OKLAHOMA,
  TO  American Airlines Benefit Service Center
Attention Human Resource dep.                          GREETINGS:

    You are hereby commanded to appear before Judge _Tammy Bruce_____ in the District Court of Tulsa
County, at the Courthouse thereof, on the _17th_ day of _October_, _2019_ at _9:00_ M. to testify as a
witness on behalf of the _____ in the above styled action, and
bring with you _Discoverd Documentation that war ordered_
by Court on 4-1-19 _____

_____ and do not depart without leave of court.

    Hereto fail not, under penalty of law.
    IN WITNESS Whereof, I have hereunto set my hand and official seal this _16th_ day of _September_, _19_

_Mildred Walker_                     DON NEWBERRY, Court Clerk
Attorney
                                     By _elissa Mar_____
_____                              Deputy.
Address
_____
Phone

Form 008 (Rev. 11-17) Front

BEST                          Recieved
                               By
                              SH
                            Ginger
                             11:14

Wolters Kluwer
1833 S. Morgan B
OcL 1, C
        73138

EXHIBIT A

Exhibit (B)

Defendant

  427 S. 104th E. Ave

Tulsa, Oklahoma 74128

—————————————— Dristict Court In And For Tulsa County —————————————

State Of Oklahoma

Veo Walker Jr.                                    CASE NO: 2018-0831

     Plantiff                                    MOTION TO COMPEL

     VS

Mildred Walker

     Defendant

    Pursuant to local rules, Defendant hereby moves the court be compelled to respond to Discovery based on the following facts:

1. Discovery was filed March 18, 2019
2. Plantiff's  responses to Discovery were due by ( per statue) to be completed by the statutory time, ordered by the court on Wednesday, March 13,2019.
3. Certified mail was sent March 19, 2019, Plantiff refused to claim on April 6, 2019, letter was returned to sender April 9, 2019.
4. Plantiff has not responded in a timely manner and indicated in court on July 2, 2019 that he did not have such information.
The Defendant moves the court to Compel the Plantiff to respond to the Discovery requests.

MOTION TO COMPEL-1

Dated this 7th day of July 2019.

        Mildred Walker

        Defendant

EXHIBIT A

*Exhibit (L)*

*(1.)*



**DeDe Hassell**
Legal Department
(682) 278-0657 Office
dede.hassell@aa.com

October 2, 2019

**VIA Email**

Mildred Walker
427 South 104th East Avenue
Tulsa, Oklahoma 74128
(918) 841-9471

RE: *Veo Walker Jr. v. Mildred Walker;* Case No.: FD-18-831

Dear Ms. Walker:

Pursuant to your subpoena, in lieu of appearance, please find the reasonably available requested **benefits policies** related to **VEO WALKER with DOB 09/13/1958.**

**VEO WALKER** processed a life event in 2013 and removed the spouse from coverage effective 10/11/2013. There is no limited coverage through COBRA for non-employees.

Please see page 29 of the 2013 LAA TWU Benefits Guide attached.  COBRA is described on pages 39 and 233.

A letter from our Human Resources department with **VEO WALKER's** most recent health benefit elections is included.

Should you have any questions, my contact information is listed above.

Very truly yours,

DeDe Hassell

P.O. Box 619616
MD 8B503
DFW Airport, TX 75261-9616



EXHIBIT A



October 2, 2019

**Mildred Walker**
**427 South 104th East Avenue**
**Tulsa, Oklahoma 74128**

RE:   Employee Name: Veo Walker
                          **Employee No.: 536917**
                          **Health Benefits: 2012-2019**

To Whom It May Concern:

The following information is being provided in response to a subpoena served to American Airlines, Inc. in reference to the above named employee.

Based on Company records **Veo Walker** was enrolled in the following coverages from 2012-2019. The monthly premiums that American Airlines and **Veo Walker** paid towards benefits are as follows:

| Employee Monthly Contribution 2012 | | American Airlines Contribution 2012 | |
| --- | --- | --- | --- |
| **Employee & Spouse** | | **Employee & Spouse** | |
| UHC Value Plus Medical | $185.00 | $2,220.00 | |
| MetLife Dental | $7.95 | $44.82 | |
| Vision | $13.27 | | |
| MetLife Basic Term Life | No Cost | | |
| Vol Term Life | $17.14 | | |
| Spouse Term Life | $10.40 | | |
| AD&D | $3.60 | | |
| Spouse AD&D | $3.60 | | |

| Employee Monthly Contribution 1/1/13-10/10/13 | | American Airlines Contribution 1/1/13-10/10/13 | |
| --- | --- | --- | --- |
| **Employee & Spouse** | | **Employee & Spouse** | |
| UHC Value Plus Medical | $185.00 | $2,220.00 | |
| MetLife Dental | $7.95 | $44.82 | |
| Vision | $13.27 | | |
| MetLife Basic Term Life | No Cost | | |
| Vol Term Life | $17.14 | | |
| Spouse Term Life | $10.40 | | |
| AD&D | $3.60 | | |
| Spouse AD&D | $3.60 | | |



EXHIBIT A



**Employee Monthly Contribution**
**10/11/13-12/31/13**
**Employee Only**

| | |
|---|---|
| UHC Value Medical | $112.50 |
| MetLife Dental | $3.94 |
| Vision | $7.30 |
| MetLife Basic Term Life | No Cost |
| Vol Term Life | $21.23 |
| AD&D | $3.60 |

**American Airlines Contribution**
**10/11/13-12/31/13**
**Employee Only**
$455.44
$23.38

**Employee Monthly Contribution**
**2014**
**Employee Only**

| | |
|---|---|
| UHC Value Medical | $124.76 |
| MetLife Dental | $3.94 |
| Vision | $5.84 |
| MetLife Basic Term Life | No Cost |
| Vol Term Life | $38.60 |
| AD&D | $3.60 |

**American Airlines Contribution**
**2014**
**Employee Only**
$1,497.12
$23.38

**Employee Monthly Contribution**
**2015**
**Employee Only**

| | |
|---|---|
| UHC Value Medical | $141.96 |
| MetLife TWU Dental | $3.94 |
| Spectera Vision | $5.84 |
| MetLife Basic Term Life | No Cost |
| Vol Term Life | $46.06 |
| AD&D | $3.47 |

**American Airlines Contribution**
**2015**
**Employee Only**
$559.37
$23.38

**Employee Monthly Contribution**
**2016**
**Employee Only**

| | |
|---|---|
| UHC Value Medical | $159.23 |
| MetLife TWU Dental | $6.37 |
| EyeMed Vision | $5.28 |
| MetLife Basic Term Life | No Cost |
| Vol Term Life | $62.33 |
| AD&D | $3.40 |

**American Airlines Contribution**
**2016**
**Employee Only**
$624.26
$36.10

2



EXHIBIT A

**American Airlines**

| Employee Monthly Contribution 2017 | | American Airlines Contribution 2017 | |
|---|---|---|---|
| **Employee Only** | | **Employee Only** | |
| UHC Value Medical | $175.12 | $683.87 | |
| MetLife TWU Dental | $7.09 | $40.17 | |
| EyeMed Vision | $5.28 | | |
| MetLife Basic Term Life | No Cost | | |
| Vol Term Life | $66.93 | | |
| AD&D | $3.40 | | |

| Employee Monthly Contribution 2018 | | American Airlines Contribution 2018 | |
|---|---|---|---|
| **Employee Only** | | **Employee Only** | |
| UHC Standard Medical | $95.90 | $400.12 | |
| MetLife TWU Dental | $6.60 | $37.38 | |
| EyeMed Vision | $5.28 | | |
| MetLife Basic Term Life | No Cost | | |
| Vol Term Life | $102.11 | | |
| AD&D | $3.40 | | |

| Employee Monthly Contribution 2019 | | American Airlines Contribution 2019 | |
|---|---|---|---|
| **Employee Only** | | **Employee Only** | |
| UMR Standard Medical | $102.85 | $429.14 | |
| MetLife TWU Dental | $6.52 | $36.96 | |
| EyeMed Vision | $5.28 | | |
| MetLife Basic Term Life | No Cost | | |
| Vol Term Life | $102.11 | | |
| AD&D | $8.49 | | |

Kelley Stulz
Benefits Delivery – Health and Wellness

3

EXHIBIT A

(2.)

 

**Life Events: Making Changes During the Year**

https://www.jetnet.aa.com/jetnet/go/ssomercer.asp?AppID=CHAT

| If You Experience the Following Life Event... | Then, You Can... |
|---|---|
| You divorce or legally separate<br><br>**OR**<br><br>**Your Company-recognized Domestic Partner relationship ends**<br><br>Note: Long Term Disability Plan, as noted here, does not apply to TWU-Represented employees, as their Long Term disability coverage is offered by their union. | ■ **Medical and Dental Options and Vision Insurance:** Stop coverage for your eligible spouse or Company-recognized Domestic Partner. Add coverage for yourself and/or your eligible dependents (dependent coverage may be subject to QMCSO). You cannot change benefit Options at this time.<br>■ **Optional Short-Term Disability Insurance Benefit:** Start coverage; however, this coverage applies to the employee only.<br>■ **Long Term Disability Plan:** Start or stop coverage; however, this coverage applies to the employee only.<br>■ **Voluntary Term Life Insurance Benefit:** Stop coverage for your eligible spouse and/or child, or increase or decrease existing employee coverage.<br>■ **Spouse Term Life Insurance Benefit:** Stop coverage.<br>■ **Child Term Life Insurance Benefit:** Stop coverage.<br>■ **AD&D Insurance:** Start or stop coverage for yourself; stop coverage for your eligible spouse or child; increase or decrease existing employee coverage.<br>■ **Flexible Spending Account Benefits:** Start or stop Flexible Spending Accounts; increase or decrease Flexible Spending Account contributions. However, Company-recognized Domestic Partners and their dependents are not eligible to participate in Flexible Spending Accounts. |
| **You or your spouse/Company-recognized Domestic Partner becomes pregnant and you are covered under the following medical benefit Option**<br><br>Note: Long Term Disability Plan, as noted here, does not apply to TWU-Represented employees, as their Long Term disability coverage is offered by their union. | ■ **All Medical Benefit Options (excluding HMOs):** Contact your network administrator and the *Healthmatters* MaternityMatters program.<br>■ **HMO:** Contact your HMO.<br>■ This does not permit you to make any changes to your benefit elections until the baby is born. |

EXHIBIT A



https://www.jetnet.aa.com/jetnet/go/ssomercer.asp?AppID=CHAT

# If Your Dependent(s) Lose Eligibility Under the Plan

If your dependent(s) lose eligibility under the Plan, you must file a Life Event or contact HR Services to remove the ineligible dependent(s) from your coverage — even if you have missed the 60-day deadline.

- If you contact HR Services after the 60-day deadline you will be able to remove your dependent(s) from coverage, but the effective date of the removal will be the date you notified HR Services, and your resulting contribution rate changes, if any, will be effective as of the date you notified HR Services.
- You will not receive a refund of contributions paid between the date your dependent(s) became ineligible for coverage and the date you notified HR Services of their ineligibility.
- **Important:** If you do not file a Life Event, notify HR Services of your dependent(s) losing eligibility and request your dependent(s) be solicited for COBRA within the 60-day time frame, the dependent(s) will lose their right to continue coverage under COBRA, so it is important that you are timely in registering your dependent(s)' removal from coverage within the 60-day time frame.

## If You Process Your Life Event after the Deadline

If you miss the 60-day deadline and the event occurred in the current year, you must wait until the next Annual Benefits Enrollment period to add or delete your dependents.

If you miss the 60-day deadline and the event occurred in the previous year, you may add dependents to your file but you may not cover them under your benefits, make any changes to existing dependents or make any benefit plan changes. (Adding the dependent to your file lists the dependent as eligible to be enrolled at the next Annual Benefits Enrollment, but does not enroll him or her in benefits currently.)

# Special Life Event Considerations

The following section explains special circumstances that may happen in your life and how these changes affect your benefits. You must take all of the steps described below for your Life Event within 60 days of the date it occurs.

- **Birth or adoption of a child:** To add a natural child to your coverage, you may use hospital records or an unofficial birth certificate as documentation of the birth. You should not wait to receive the baby's Social Security number or official birth certificate. These documents may take more than 60 days to arrive and prevent you from starting coverage effective on the baby's birth date.

To add an adopted child to your benefit coverage, you must supply a copy of the placement papers or actual adoption papers. Coverage for an adopted child is effective the date the child is placed with you for adoption and is not retroactive to the child's date of birth.

- **Relocation: If you are a Home-Based Representative or Level 84 Premium Services Representative, please keep in mind that the only Medical Benefit you are eligible to enroll in is the CORE Medical Option; therefore, relocation would not alter your Medical Benefit Option.** If you are enrolled in the STANDARD, VALUE or CORE Medical Option and you move to a location where the STANDARD, VALUE or CORE Medical Option is available, you will stay enrolled in STANDARD, VALUE or CORE Medical Option and your *network administrator* will stay the same, or you may elect coverage that was not available in your prior location, such as an HMO.

EXHIBIT A

 **Start a Chat**

**https://www.jetnet.aa.com/jetnet/go/ssomercer.asp?AppID=CHAT**

## Eligibility

Eligibility for continuation of coverage depends on the circumstances that result in the loss of existing coverage for you and your eligible dependents. The sections below explain who is eligible to elect continuation of coverage and the circumstances that result in eligibility for this coverage continuation.

## Continuation of Coverage for You and Your Dependents Qualifying Events

- You may elect continuation of coverage for yourself and your eligible dependents, including a Company-recognized Domestic Partner and his or her children, for a maximum period of 18 months if your coverage would otherwise end because of layoff or termination of your employment for any reason (except in the event of termination for gross misconduct).
- If a disability occurs within 60 days of your loss of coverage due to termination of employment or reduction in hours, or you (or any eligible dependent) are disabled at any time during the first 60 days of continuation of coverage, you may be eligible to continue coverage for an additional 11 months (29 months total) for yourself and your dependents, including a Company-recognized Domestic Partner and his or her children. To qualify for this additional coverage, the Qualified Beneficiary must provide written determination of the disability award from the Social Security Administration to the COBRA administrator (Benefit Concepts, Inc.) within 60 days of the date of the Social Security Administration's determination of disability and prior to the end of the 18-month continuation period.

## Continuation of Coverage for Your Dependents Only (Qualifying Events)

Your covered dependents may continue coverage for a maximum period of 36 months if coverage would otherwise end because of:

- Your divorce or legal separation
- Your Company-recognized Domestic Partner relationship ends
- You become eligible for (enrolled in) Medicare benefits
- Loss of eligibility because the dependent, including children of a covered Company-recognized Domestic Partner, no longer meets the Plan's definition of a dependent (for example, if a child reaches the Plan's limiting age)
- Your death
- Your Company-recognized Domestic Partner's death

If you experience more than one of these Qualifying Events, your maximum continuation of coverage is the number of months allowed by the Qualifying Event that provides the longest period of continuation.

## How to Elect Continuation of Coverage

### Solicitation of Coverage

Solicitation following layoff or termination: In the event that your employment ends through layoff or termination, you will automatically receive information from Benefit Concepts, Inc., the COBRA administrator, about electing continuation of coverage through COBRA.

EXHIBIT A

Exhibit (M)

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

_Veo Walker, Jr._ )
**PETITIONER**  )
  )
- - - vs. - - - )  CASE NO. FD- _2018--831_
  )
_Mildred Walker,_ )  FD DOCKET A
**RESPONDENT** )
  )

**COURT ORDER**

*DISTRICT COURT FILED OCT 17 2019 DON NEWBERRY, Court Clerk STATE OF OKLA. TULSA COUNTY*

DATE: _10/17/19_

Mildred Waker, Pro Se, and Veo Walker, Jr.
is present, throrgh his attorney, James W. Stamper.
    Respondent subpoena was issued 9/10/19 and
sent to American Airlines Benefit Center ∧ documents requesting attn
why she was taking off the insurance (medical)
Petitioner was not mailed a copy.
    After heraring was heard by both sides, the
Court orders the Petitioner to deliver any and
all documents Petititor presented to American to ~~Correspondence~~
take Respondent off the insurance. The Court further medical
imposes a sanction of $10 per day until documents are
produced. This hearing is nereby continved until, Friday,
                                                    11/1/19 @ 2 p.m.

_James W. Stamper_
**ATTORNEY FOR PETITIONER**
James W. Stamper, Atty for Petitioner

_Mildred Walker_
**ATTORNEY FOR RESPONDENT**
Mildred Walker, Pro Se

**GUARDIAN AD LITEM/ATTORNEY FOR MINOR CHILD**

JUDGE TAMMY BRUCE

**EXHIBIT A**