**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) MILDRED WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:20-cv-00019-GKF-FHM |
| | ) | |
| 2) AMERICAN AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AMERICAN AIRLINES, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant American Airlines, Inc.

("American Airlines") respectfully moves this Court for an Order dismissing Plaintiff's

Complaint (ECF No. 2-1) in its entirety because it is time-barred and legally deficient.

**FACTUAL BACKGROUND**

This is a lawsuit involving rights and obligations under an ERISA employee welfare benefit

plan. American Airlines established and maintains an employee welfare benefit plan that provides,

among other things, health care benefits to its employees and their eligible dependents (the "Plan").

The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See*

Exhibit 1, the governing Plan document at p. 269.[1]

---

[1] Plaintiff attached proof that the Plan is governed by ERISA to the Complaint. Exhibit B to the Complaint is a Letter dated November 19, 2013, from Benefit Concepts to Plaintiff regarding the availability of COBRA coverage. The COBRA amendments to ERISA (29 U.S.C. §§ 1161-1169) only apply to certain Sponsors of ERISA-governed health plans. 29 U.S.C. § 1002(16), § 1161. Thus, for COBRA coverage to be potentially available to Plaintiff means the Plan is governed by ERISA.

The governing Plan document includes disabled hyperlinks to outside documents. At the Court's request, American Airlines can provide copies of the hyperlinked documents.

A fair reading of the Complaint and its exhibits confirms the following: Plaintiff's husband is Veo Walker, an American Airlines employee and "participant"[2] in the Plan. Complaint at ¶¶ 2-3. Through her husband, and as his eligible dependent, Plaintiff became a "beneficiary"[3] of the Plan. *Id.* Plaintiff's husband was partially responsible for paying the premiums to maintain his and Plaintiff's health care coverage under the Plan. Exhibit L to Complaint (showing employee contributions for health care coverage under Plan).

Plaintiff's husband ended Plaintiff's health care coverage under the Plan effective October 10, 2013. Complaint at ¶ 2 ("Defendant is a corporation and at the time of this complaint an employee, of American Airlines removed the plaintiff from all benefits which violated American Airlines policy."); Exhibit B to Complaint at p. 1 (stating effective date Plaintiff's health care coverage under the Plan was ended).

Thereafter, Plaintiff received a letter dated November 19, 2013, from American Airlines' COBRA administrator Benefit Concepts that explained she was eligible for continued health care benefits under COBRA because her health care coverage under the Plan ended due to a qualifying event (her divorce from a covered employee). Complaint at ¶ 3; Exhibit B to Complaint.

---

[2] A "participant" is "any employee or former employee of an employer … who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer …." 29 U.S.C. §1002(7). A fair reading of the Complaint and its exhibits shows that Plaintiff acknowledges her husband was a Plan participant. Complaint at ¶¶ 2-3; Exhibits B-D to Complaint.

[3] A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(6). A fair reading of the Complaint and its exhibits shows that Plaintiff acknowledges she was a beneficiary of the Plan. Complaint at ¶¶ 2-3; Exhibits B-D to Complaint.

According to her Complaint, Plaintiff responded to Benefit Concepts by faxing a letter on January 16, 2014. Exhibits C-D to Complaint. In her letter, Plaintiff refused COBRA coverage, explaining that she did not qualify for it because the qualifying event (her divorce from a covered employee) had not occurred. *Id.*

On December 20, 2019, Plaintiff filed this lawsuit against American Airlines alleging that her health care coverage under the Plan was wrongfully ended.

## MOTION TO DISMISS STANDARD

"[W]here it affirmatively appears from the face of a complaint that the action pleaded is barred by the statute of limitations, the defense can be raised by [Rule 12(b)(6)] motion to dismiss." *Panhandle E. Pipe Line Co. v. Parish*, 168 F.2d 238, 240 (10th Cir. 1948); *Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036*, 1041 (10th Cir. 1980); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (explaining that when the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). Here, and as set-forth below, it is apparent from the allegations in the Complaint that it is time-barred because the applicable limitations period expired on November 19, 2018, or more than a year before the Complaint was filed on December 20, 2019. Accordingly, the Court should dismiss the Complaint as time-barred.

Dismissal of a complaint under Rule 12(b)(6) is also proper where it "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal citation and quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.*

(quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). As such, a complaint is subject to dismissal when the plaintiff fails to allege "sufficient facts upon which a "recognized legal claim could be based." *Davis v. Bear*, No. CIV−12−330−HE, 2013 WL 1688913, at *2 (W.D. Okla. Feb. 25, 2013) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotation marks omitted)). Because Plaintiff has no legally viable claim against American Airlines, the Court should dismiss Plaintiff's Complaint.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider an authentic copy of a document that the defendant attaches to the motion to dismiss and "is referred to in the complaint and is central to the plaintiff's claim." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (collecting cases from sister circuits); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3rd Cir. 1997) ("document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment.") (internal citation and quotation marks omitted); *Jordan v. Aetna Life Ins. Co.*, No. 4:11-CV-635-DDN, 2012 WL 274693, at *3 n.4 (E.D. Mo. Jan. 31, 2012) ("The court may consider the Plan documents, despite not being attached to plaintiff's amended complaint, without converting the motion to dismiss into a motion for summary judgment because the Plan documents are 'necessarily embraced by the pleadings'") (quoting *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008)). Thus, the Court may consider the Plan document attached to the Motion as Exhibit 1 because Plaintiff's Complaint references and relies upon the Plan document by alleging American Airlines "violated" its policy implicated when her husband cancelled her coverage under the Plan. Complaint at ¶ 2 ("Defendant is a corporation and at the time of this complaint an employee, of American Airlines removed the plaintiff from all benefits which violated American

Airlines policy."). The Plan document is "American Airlines policy" that governs the cancellation of an employee's dependent's health care coverage under the Plan.

<u>**ARGUMENT AND AUTHORITIES**</u>

1. **Plaintiff's Complaint is subject to dismissal because it is time-barred under Oklahoma's five-year statute of limitations for written contracts.**

Though Plaintiff has characterized her sole cause of action against American Airlines as a state law tort claim, it is actually an ERISA claim for benefits. *See* Complaint at p. 2. Supreme Court and Tenth Circuit precedent is clear that a state law tort claim is completely preempted by ERISA when it "depends entirely on the existence of a benefit contained in an ERISA plan." *Salzer v. SSM Health Care of Oklahoma, Inc.,* 762 F.3d 1130, 1137 (10th Cir. 2014) (contract or tort based claims are completely preempted if the claim "depends entirely on the existence of a benefit contained in an ERISA plan"); *see also, Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 66-67 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987); *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir. 1991) ("The Tenth Circuit has given a similarly broad reading to the phrase 'relate to' and has found that common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan."); 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought by a participant or beneficiary … to recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan …."). Accordingly, Plaintiff's state law tort claim regarding the alleged wrongful termination of her health benefits under the ERISA-governed Plan is completely preempted by ERISA and converted into an ERISA claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

Because ERISA does not contain any statute of limitations for claims for benefits such as

Plaintiff's under Section 1132(a)(1)(B), courts borrow the most analogous state statute of limitations. *Moore v. Berg Enters., Inc.*, 201 F.3d 448, 1999 WL 1063823, at *2 (10th Cir. 1999) (unpublished opinion) ("ERISA contains no statute of limitations which governs claims under section 1132(a)(1)(B) or section 1132(c). Courts therefore look to the 'most analogous' state statute of limitations, *or* if the plan itself contains a limitations period, to the plan if the contractual limitations period is reasonable.") (internal citations omitted); *see also Lang v. Aetna Life Ins. Co.,* 196 F.3d 1102, 1104 (10th Cir. 1999) (courts apply most closely analogous statute of limitations because ERISA does not establish a statute of limitations for private enforcement actions brought under the provision); *Wright v. Sw. Bell Telephone Co.*, 925 F.2d 1288, 1291 (10th Cir. 1991) (because Section 1132(a)(1)(B) does not contain a statute of limitations, court can apply an analogous state statute of limitations) (citing *Held v. Mfrs. Hanover Leasing Corp.,* 912 F.2d 1197 (10th Cir.1990)).

The Tenth Circuit has consistently held that the most analogous state statute for an ERISA claim for benefits is Oklahoma's statute establishing a five-year limitations period for claims arising from written contracts. *See, e.g., Wright*, 925 F.2d at 1291 (10th Cir. 1991) (citing *Held,* 912 F.2d at 1206-07).

The five-year limitations period begins to run when the claim accrued. While the courts "borrow" analogous state statutes of limitations, federal common law controls the question of claim accrual. *Bennett v. Federated Mut. Ins. Co.*, 141 F.3d 837, 838 (8th Cir. 1998) ("Although the court looks to state statutes of limitations, federal law determines when the cause of action accrues.") (collecting cases from sister circuits). Federal common law provides that an ERISA claim for benefits based on the wrongful termination of welfare benefits accrues when the company announces a modification to or termination of such benefits. *Winnett v. Caterpillar,*

*Inc.*, 609 F.3d 404, 410-11 (6th Cir. 2010).

Here, Plaintiff alleges that she received notice that her health care benefits under the Plan were ended effective October 10, 2013, by letter dated November 19, 2013, from American Airlines' COBRA administrator.  Complaint at ¶ 3 ("On or about October 13th, plaintiff received a letter from American Airlines stating that Mildred Walker was removed from her benefits because she was recently divorced from her husband Veo Walker III."); Exhibit B to Complaint (Letter dated November 19, 2013 stating that Plaintiff's health care benefits under the Plan "ended on October 10, 2013"). In her Complaint and attachments thereto, Plaintiff affirmatively alleges that she was aware of any wrongdoing arising from the termination when she received the letter dated November 19, 2013. *Id.* Thus, the accrual date for Plaintiff's ERISA claim is November 19, 2013.

Under the applicable five-year limitations period, Plaintiff's deadline to file her civil action began to run on November 19, 2013, and expired on November 19, 2018. Plaintiff, however, waited until December 20, 2019, to file her Complaint.

Because Plaintiff did not file her legal action within the time allotted by the applicable five-year limitations period, her Complaint is time-barred and should be dismissed.  This result is consistent with Tenth Circuit precedent affirming dismissal of ERISA claims for benefits like Plaintiff's under the most analogous state statute of limitations. *See Lang v. Aetna Life Ins. Co.*, 196 F.3d 1102, 1104 (10th Cir. 1999) (affirming dismissal of plaintiff's ERISA claim for benefits based on termination of her disability claim under applicable three-year statute of limitations).

**2. Plaintiff's Complaint is subject to dismissal because right to health care benefits under the Plan ended when her husband permissibly cancelled her non-vested health care coverage under the Plan.**

Plaintiff's entire lawsuit is based on the red herring argument that she was improperly offered COBRA coverage based on a qualifying event (divorce) that never occurred. Complaint at p. 1 (Plaintiff listing ways in which "Defendant failed to perform [its] duties effectively"). Her Complaint (and its exhibits) confirms that her husband was a "participant" and she was his "beneficiary." Complaint at ¶¶ 2-3; Exhibits B-D to Complaint.

Plaintiff's Complaint alleges (without the legal jargon) that her husband elected her to receive health care benefits under the Plan, and then cancelled her coverage based on an event (divorce) that she claims did not occur. The problem is that she was a "beneficiary" (29 U.S.C. §1002(6)) under the Plan with absolutely no right to health care coverage if her husband, the employee-"participant" (29 U.S.C. §1002(7)) decided he did not want to carry her or pay for her coverage. There is nothing in the Plan or ERISA that would allow Plaintiff to keep her coverage in force after it was cancelled by the Plan participant.

The only way she could have continued coverage is pursuant to COBRA if a qualifying event, such as divorce or legal separation, occurs. 29 U.S.C. §1163(3). But Plaintiff affirmatively alleges that a divorce or legal separation did not occur. Complaint at ¶ 3; Exhibits C-D to Complaint. In other words, she was offered something – COBRA coverage – which she was not entitled to receive. Moreover, her letter attached to the Complaint asserts that she rejected that improperly-offered coverage. Exhibits C-D to the Complaint. Her emotionally-charged arguments about whether her husband lied about being divorced is a non-issue here, and is perhaps best resolved in her recently-filed divorce action currently pending in Tulsa County. *See In re: The Marriage of Veo Walker, Jr. & Mildred Walker*, Case No. FD-2018-0831 in the

District Court in and for Tulsa County, Oklahoma.

In *Firestone Tire & Rubber Co. v. Bruch,* the Supreme Court explained that a plaintiff fails to states an ERISA claim for benefits under Section § 1132(a)(1)(B) if the plaintiff does not have a "colorable claim to vested benefits." 489 U.S. 101, 117-18 (1989). Here, Plaintiff does not have a "colorable claim" to vested benefits under the Plan.

"ERISA regulates [and distinguishes between] two types of benefit plans, pension benefit plans that create vested rights and welfare benefit plans that need not create vested rights." *Member Servs. Life Ins. Co. v. Am. Nat. Bank and Trust Co. of Sapulpa*, 130 F.3d 950, 954 (10th Cir. 1997); *see also* 29 U.S.C. § 1002(1), (2)(A) (separately defining "employee welfare benefits plan" and "employee pension plan"); 29 U.S.C. § 1051(1) (specifically exempting welfare plans from vesting requirements). Welfare benefit plans include health plans like that at issue. 29 U.S.C. § 1002(1) (defining "employee welfare benefits plan" to include a plan that provides "medical, surgical, or hospital care or benefits"); *see also Adams v. Avondale Indus., Inc.,* 905 F.2d 943, 948 (6th Cir.1990) ("ERISA simply does not prohibit a company from eliminating previously offered benefits that are neither vested nor accrued.") (internal citation and quotation marks omitted); *Moore v. Metro. Life Ins. Co.,* 856 F.2d 488, 492 (2d Cir.1988) (Congress rejected the automatic vesting of welfare plans).

Because welfare benefits do not vest automatically, vesting must be created contractually in the governing plan documents with "clear and express language" that indicates an "intent to vest." *Chiles v. Ceridian Corp.*, 95 F.3d 1505, 1513 (10th Cir. 1996) (internal citation and quotation marks omitted) (abrogated on other grounds by *Tomlinson v. El Paso Corp.*, 653 F.3d 1281 (10th Cir. 2011)); *Alday v. Container Corp. of America*, 906 F.2d 660, 665 (11th Cir. 1990) (a vested right to welfare benefits "can only be found if it is established by contract under the

terms of the ERISA-governed benefit plan document") (internal citations omitted). Contractual vesting is an "extra-ERISA commitment," "a narrow doctrine," and "an employer's commitment [*i.e.*, intent] to vest such benefits is not to be inferred lightly." *Chiles*, 95 F.3d at 1513 (internal citation and quotation marks omitted*); Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998). A plaintiff bears the burden of proving that the intent to vest exists by pointing to the pertinent terms in the ERISA-governed plan document. *Id.*

Plaintiff cannot carry her burden in the present case because the plan document does not contain any "clear and express language" that Plaintiff's health benefits under the Plan vested. Rather, the plan document unambiguously provides that her benefits may be modified or terminated at any time.

As a threshold matter, the Plan is not offered to the public. Exhibit 1 at p. 7 (eligibility requirements for coverage under Plan).   It is only offered to eligible American Airlines employees and the eligible employees are solely responsible for determining whether they want to elect coverage for their eligible dependents. *Id.* at p. 7, 19-21.

More specifically, the plan document provides that as the spouse of an American Airlines' employee, Plaintiff was her spouse's dependent and eligible for medical coverage under the Plan. *Id.* at p. 10. The plan document further provides that Plaintiff's spouse, not Plaintiff, was entitled to make elections for his and Plaintiff's medical coverage under the Plan. *Id.* at p. 19-21.   The plan document allows a covered employee to enroll in employee only medical coverage, add a dependent to medical coverage, or remove a dependent from medical coverage. *Id.* at p. 20. In other words, the plan document does not require an employee elect coverage that includes all eligible dependents. This makes sense as Plaintiff's spouse, not Plaintiff, was responsible for paying the employee's contribution to monthly premiums to

maintain medical coverage under the Plan. Exhibit L to Complaint at pp. 2-4 (showing Plaintiff's spouse's contributions to monthly premiums).

Importantly, the plan document did not prohibit Plaintiff's spouse from cancelling Plaintiff's medical coverage under the Plan. In fact, the plain and unambiguous language of the plan expressly permitted Plaintiff's spouse's cancellation of Plaintiff's coverage:

> Coverage for **you**[4] and **your dependents** ends when you terminate employment, **cancel coverage**, **stop paying for coverage** or if you become ineligible for coverage (for example, due to a change in your job classification).

*Id.* at 24 (emphasis added). The plan document did not condition cancellation of coverage on certain qualifying events like divorce or legal separation. *Id.* For example, a couple might not want to pay for the non-employee spouse's coverage anymore for economic reasons. Or an employee might not want to pay for his spouse's coverage if she moves out, which is apparently what happened in October 2013 as evidenced by the lease attached to the Complaint as Exhibit A. Accordingly, the plan document allowed Plaintiff's spouse to cancel Plaintiff's coverage for any reason or no reason. Plaintiff admits that her spouse "an employee, of American Airlines removed the plaintiff from all benefits…." Complaint at ¶ 2. Her coverage and right to benefits under the Plan thus ended at that point.

In light of the foregoing, the clear and express language in the plan document establishes that Plaintiff's health care benefits under the Plan did not vest and the Plan has no intent to vest medical coverage for eligible dependents like Plaintiff under the Plan. Consequently, Plaintiff

---

[4] The term "you" in the above quotation refers to the American Airlines employee (here, Plaintiff's spouse) and not to the employee's dependents (here, the Plaintiff). This is reflected in the first paragraph of the first page of the Plan document, which states: "American Airlines provides you [the employee] with a comprehensive benefits package designed to help you meet the health and insurance needs of you and your eligible family members [*e.g.*, your spouse]." Exhibit 1 a p. 1(emphasis added).

does not have a "colorable claim for vested benefits" to support her ERISA claim against American Airlines.

Rather than asserting why her husband was prohibited from cancelling her health care benefits under the Plan, Plaintiff's entire Complaint is premised upon a red herring. Specifically, whether she was entitled to COBRA coverage after her health care coverage under the Plan ended. Plaintiff asserts that she was not because no qualifying event occurred as she was not divorced or legally separated. Exhibits C and D to Complaint. This has no bearing on whether Plaintiff's spouse permissibly cancelled Plaintiff's health care coverage under the Plan.

The foregoing reinforces American Airlines' statute of limitations argument set-forth above: Plaintiff lost her coverage under the Plan on October 10, 2013, when her husband cancelled her dependent health care coverage.  Her relationship with the Plan ended on that day, and she was not entitled to health care coverage or benefits under the Plan from that day forward.

## CONCLUSION

American Airlines respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint as untimely and legally deficient. Plaintiff was required to file her suit against American Airlines by November 19, 2018, but she did not do so until December 20, 2019, over a year later. Plaintiff cannot maintain an ERISA claim for benefits because she does not have a colorable claim for vested benefits because the subject plan permits the modification or termination of the health care benefits about which Plaintiff complains.

Respectfully submitted,

*/s/ Anna E. Imose*
Brandon P. Long, OBA #20268
Mark D. Spencer, OBA #12493
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Phone: (405) 235-9621
Fax:     (405) 235-0439
brandon.long@mcafeetaft.com
mark.spencer@mcafeetaft.com
    **-and-**
Anna Imose, OBA #32021
McAfee & Taft A Professional Corporation
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa OK 74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
Email: anna.imose@mcafeetaft.com

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2020, a copy of the foregoing was mailed, via first class mail to the following:

Mildred Walker
427 South 104th East Avenue
Tulsa, Oklahoma 74128

*/s/ Anna E. Imose*